IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KAREN BARNES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-1012-SDJ-KPJ |
| | § | |
| ROAD CARRIERS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Karen Barnes's ("Plaintiff") Motion to Quash or Modify Defendants' Notices of Intention to Take Deposition by Written Questions and of Subpoenas to Plaintiff's Medical Providers (the "Motion") (Dkt. 17), wherein Plaintiff seeks to quash notices of intent to take depositions by written questions and accompanying subpoenas for documents (the "Subpoenas") to the custodians of records for the following medical providers: Akumin (Preferred Imaging); Remedy Surgery Center; The SOAR Institute; ATI Physical Therapy; and Integrity Anesthesia (collectively, the "Medical Providers"). *See* Dkt. 17 at 2, 4–10. The Subpoenas generally seek information regarding insurance and billing policies of the Medical Providers including specific information regarding the billing codes associated with the treatment Plaintiff received. *See, e.g.*, Dkt. 17-1 at 304–06. Defendants Road Carriers, Inc. ("Road Carriers") and Conrado Pardillo Carou also known as Conrado Carou Pardillo ("Carou") (collectively, "Defendants") filed a response (the "Response") (Dkt. 24), wherein Defendants challenge Plaintiff's standing to raise the objections in the Motion (Dkt. 17). Dkt. 24 at 2–3.

"Parties have limited standing to quash subpoenas served on non-parties pursuant to Rule 45." *Donaldson v. Crisp*, No. 22-cv-111, 2023 WL 6201372, at *4 (E.D. Tex. Sept. 21, 2023) (first citing *McGowan v. S. Methodist Univ.*, No. 18-cv-141, 2023 WL 2920848, at *2 (N.D. Tex.

1

Apr. 11. 2023); and then citing *E.E.O.C. v. Charles W. Smith & Sons Funeral Home, Inc.*, No. 21-cv-731, 2022 WL 3566927, at *2 (E.D. Tex. Aug. 18, 2022)). "Absent possession of the documents at issue or a personal right or privilege with respect to the subpoenaed materials, a party generally does not have standing to quash a subpoena duces tecum issued to a third party." *E.g.*, *La. Corral Mgmt., LLC v. Axis Surplus Ins. Co.*, 650 F. Supp. 3d 491, 500 (E.D. La. 2023) (citations omitted). A "personal right or privilege" is "generally found . . . when the party ha[s] an evidentiary privilege as to the documents." *Jez v. Dow Chem. Co.*, 402 F. Supp. 2d 783, 785 (S.D. Tex. 2005) (collecting cases).

In the Motion (Dkt 17), Plaintiff seeks to quash the Subpoenas on the basis that the questions posed in the depositions by written questions are overbroad, irrelevant, burdensome, disproportionate to the needs of the case, cumulative, and temporally unrestricted. *See* Dkt. 17 at 4–10. Plaintiff does not address whether she has standing to challenge the Subpoenas. Although not addressed by Plaintiff, she likely has standing to the extent the Subpoenas seek documents and responses related to her personal, private medical information. *See, e.g.*, *Dean v. Tyson Foods*, No. 21-cv-5, 2022 WL 20112617, at *3 (E.D. Tex. Sept. 26, 2022) (finding the plaintiff had standing to bring the motion to quash because the defendant sought documents and responses from the non-party related to the plaintiff's personal, private medical information). However, even if Plaintiff has a personal right or privacy interest in some of the information sought in the Subpoenas, and thus standing, she still cannot assert the challenges raised in the Motion (Dkt. 17)—that the Subpoenas are overbroad, unduly burdensome, not relevant, and disproportionate to the needs of the case. *See, e.g.*, *Donaldson*, 2023 WL 6201372, at *5 ("[E]ven if [the parties] could challenge the subpoena on the basis of their privacy interest in the bank records, a party 'cannot challenge a subpoena issued to a non-party on the basis that it is overbroad,

irrelevant, or unduly burdensome.'" (collecting cases)). Thus, Plaintiff cannot quash the Subpoenas under Rule 45 on the grounds that the requests are overbroad, irrelevant, burdensome, disproportionate to the needs of the case, cumulative, and temporally unrestricted.[1] *See Donaldson*, 2023 WL 6201372, at *5 (finding the party could not quash the subpoena under Rule 45 on the grounds that the requests are overbroad, unduly burdensome, and not particularized); *Dean*, 2022 WL 20112617, at *3 (finding the party lacked standing to assert objections that the subpoenas were overbroad, unduly burdensome, and not relevant); *Wilemon Found., Inc. v. Wilemon*, No. 19-cv-136, 2021 WL 1649507, at *3 (N.D. Miss. Apr. 27, 2021) (finding the party did not have standing to object to the subpoenas on the basis that they were overly broad and beyond the scope of permissible discovery).

For the foregoing reasons, the Motion (Dkt. 17) is hereby **DENIED**.

**So ORDERED and SIGNED this 21st day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[1] While a party may lack standing to quash a subpoena, it maintains standing to seek a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure. *See La. Corral Mgmt., LLC*, 650 F. Supp. 3d at 501. The Motion (Dkt. 17) seeks only to quash or modify the Subpoenas pursuant to Rule 45. Thus, the Court does not consider whether a protective order is appropriate.